# DECISIONS

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1894.

CASE 1—INDICTMENT—SEPTEMBER 22.

## Commonwealth v. Williamson, &c.

96    1
f131    410

APPEAL FROM MARION CIRCUIT COURT.

1 LARCENY.—If the owner of goods parts with the possession for a particular purpose, and the person who receives the possession avowedly for that purpose has a fraudulent intention to make use of the possession as the means of converting the goods to his own use, and does so convert them, it is larceny.

It appearing upon the trial of appellees under an indictment for larceny that they procured, from the owners, beds filled with goose feathers, which they agreed to renovate, make into mattresses and return to the owners, and that they afterward returned mattresses filled with chicken and turkey feathers, worth comparatively nothing, it was a question for the jury whether defendants procured the goose feathers with the intention of feloniously converting them to their own use; and the court erred in giving a peremptory instruction for defendants.

2. SAME—EVIDENCE AS TO SIMILAR TRANSACTIONS.—It was not competent for the State to show transactions between defendants and others similar in character to the one under consideration, but it was competent to prove by the agents of an express company that defendants, about the time of the transaction in question, were shipping large lots of goose feathers and receiving chicken feathers in return.

Commonwealth v. Williamson, &c.

WM. J. HENDRICK, ATTORNEY-GENERAL, AND SAM. T. SPALD-
ING FOR APPELLANT.

1. The conversion to his own use by bailee of goods procured with the
   intent to so convert them is larceny.   (Elliott v. Commonwealth, 12
   Bush, 176; Miller & Smith v. Commonwealth, 78 Ky., 15; Snapp v.
   Commonwealth, 82 Ky., 173; Desty's Amer. Crim. Law, p. 145;
   Archbold's Criminal Practice, vol. 1, pp. 365 and 367; Same, vol. 2,
   pp. 1174, 1201, 1205, 1207–9, and notes; Wharton's Amer. Criminal
   Law, vol. 1, pp. 631, 635 and 636; 2 Russell on Crimes, pp. 21, 24;
   Lewis v. Commonwealth, 15 S. & R., 93.)
2. The court erred in refusing to admit evidence of transactions similar
   to the one under consideration to show the intent of defendants.
   (Devoto v. Commonwealth, 3 Met., 417; 2 Russell on Crimes, 251–2;
   Greenleaf on Evidence, secs. 31 and 34; 1 Wharton's Amer. Crim-
   inal Law, 635.)
3. The indictment charges the evil intention of defendants, and is good.
4. The court erred in giving peremptory instruction for defendants.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The indictment charges the appellees with the crime
of grand larceny, committed in manner and form as
follows, to wit: "The said J. D. Williamson and J. S.
Lawrence, in the said county of Marion, on the second
day of February, A. D., 1894, and before the finding
of the indictment herein, did, unlawfully and feloni-
ously, confederate and conspire, and did feloniously
take and steal and carry away from the possession of
Taylor Abell and Josie M. Abell one hundred and fifty
pounds of feathers, not their own, or the property of
either of them, but the property of the said Taylor
Abell and Josie M. Abell, and of the value of sixty
dollars, and all done with the felonious intent to con-
vert them to their own use, contrary," &c.   The appel-
lees pleaded not guilty, and upon the trial of the case,
at the conclusion of the testimony for the Common-
wealth, the court gave a peremptory instruction to
the jury to find for the defendants, and the Common-
wealth has appealed.

The proof shows that the appellees came to the house of the Abells, and, representing themselves as feather renovators, procured a number of beds then filled with goose feathers, which they agreed to renovate, make into mattresses, and return to the Abells. The same feathers were to be returned. The feathers taken weighed one hundred and forty-two pounds, and were worth thirty cents per pound. The appellees shortly returned the mattresses, and after leaving the house the Abells found, upon examination, that the mattresses had been filled with chicken and turkey feathers, worth comparatively nothing. It is insisted for the State that the peremptory instruction should not have been given, and such is our opinion.

In Elliott v. Commonwealth, 12 Bush, 176, the law on the subject is thus stated : "If the owner of goods parts with the possession for a particular purpose, and the person who receives the possession avowedly for that purpose has a fraudulent intention to make use of the possession as the means of converting the goods to his own use, and does so convert them, it is larceny.

"But if the owner intends to part with the *property*, and delivers the possession absolutely, and the purchaser receives the goods for the purpose of doing with them what he pleases, it is not larceny, although fraudulent means may have been used to induce him to part with them."

It follows that if when the appellees procured the goose feathers, they did so with the intention of feloniously converting them to their own use, they are guilty as charged, and their intention was a question of fact to be ascertained by the jury. These

principles seem to be well established. (2 Russell on Crimes, 21, 24; Wharton's American Criminal Law, 631–6.)

We do not think that the testimony offered by the State showing transactions between appellees and others similar in character to the one under consideration was competent, but the proof of the agents of the express company that the appellees, about the time of the transaction in question, were shipping large lots of goose feathers to Louisville and receiving chicken feathers in return, seems clearly competent. The ownership and possession of the articles thus shipped formed the very subject-matter of dispute and investigation.

For the reasons indicated, the court should not have withdrawn from the jury the consideration of the case, but have submitted the proof with instructions in accord with the law as indicated herein.