CASE 7—INDICTMENT—SEPTEMBER 29.

# Commonwealth v. Murphy.

APPEAL FROM HARRISON CIRCUIT COURT.

OBTAINING MONEY BY FALSE PRETENSES.—To authorize a conviction under the statute which provides for the punishment of any person who shall obtain money or property from another " by any false pre-

Commonwealth v. Murphy.

tense, statement or token with intention to commit a fraud," it is not indispensable there should be a false statement in words of a past occurrence or existing fact, but it is sufficient if there be a false pretense by conduct or conversation, direct or indirect, whereby one with intention to commit a fraud obtains from another money or property.

As the defendant in this case falsely represented to another that he could give him the place of night-watchman at a railroad depot, and thereby fraudulently obtained from him one dollar and twenty-five cents, which he represented that it was necessary for him to send to "headquarters," he was guilty under the statute, although he did not state in words that he was the agent of the railroad company.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

The appellee having, with intent to defraud, falsely represented to the prosecuting witness that he was empowered to employ a watchman at the depot, and thereby obtained from witness one dollar and twenty-five cents, the representation was sufficient to bring the case within the law of obtaining money under false pretenses and the case should have gone to the jury.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

William Murphy having been indicted for the crime of obtaining money under false pretenses, and, under peremptory instruction by the court to find for him, acquitted by the jury, the Commonwealth appeals.

Price Ronald, prosecuting witness, testified that on a Saturday night he was, in a saloon, accosted and asked by accused if he would like to have a job of night-watchman at the railroad depot in Cynthiana, for which he would get two dollars and seventy-five cents each night, and that he could give it to him; that he, witness, would have to get a badge and wear it under his coat, but if any one was found loafing around the depot at night he must show the badge in order to arrest him, and might, if necessary, call on others to aid him in making the arrest. In language of witness: "I told him it was nearly winter time, and I would like to have the job, and he hired

me. He then asked me to give him one dollar and twenty-five cents to send to headquarters so that I could go on duty the next night, and asked me if I had an indelible pencil. I told him I had not. He then pulled out a pencil and gave it to me. I gave him the one dollar and twenty-five cents to send to headquarters. After he hired me at the price of two dollars and seventy-five cents a night, before I agreed to work for the railroad company as night-watchtman, my brother came to the depot as he was going to Lexington, and I told him about defendant wanting to hire me. The defendant was in the telegraph office talking to the operator, and after he came out he told me that he sympathized with me, as I was a cripple, and wanted to help me; that if my brother had no objection he would hire me. My brother told him he had none. I can neither read nor write, and had never seen defendant before. I had him arrested that night."

Defendant admitted on the trial he was not in employment of the Louisville and Nashville Railroad Company.

In Glackan v. Commonwealth, 3 Met., 232, it was held essential to a conviction for obtaining money or property under false pretenses to allege and prove that the pretense whereby the money or property was obtained was a statement of some pretended past occurrence or existing fact, made for the purpose of inducing the party injured to part with his property.

The statutes defining and punishing the offense, as existing in 1860, when that case was decided, being part of the Revised Statutes, is as follows: "If any person, by any false pretense or token, with intent to

commit a fraud, obtain from another, money, property or other thing which may be the subject of larceny, or if he obtain, by any false pretense, with like intention, the signature of another to a writing, the false making whereof would be forgery, he shall be confined in the penitentiary not less than one nor more than five years."

The evidence in this case does not show that defendant stated in terms the fact he was an agent of the Louisville and Nashville Railroad Company, and as such empowered to give the job of night-watchman to Ronald; but by his conduct and conversation he created belief in the mind of his dupe he had such authority, and thus as effectually accomplished his fraudulent purpose of obtaining one dollar and twenty-five cents as if he had stated the fact; for he not only told him he could give him the job at the price agreed on, but falsely stated the money obtained was to be sent to headquarters of that company.

It does not, however, matter whether under the statute quoted as construed in the case cited, defendant could or not have been convicted; for we are satisfied the evidence shows him guilty of the offense, as described in section 2, article 13, chapter 29, General Statutes, enacted evidently for purpose of curing the defect of the Revised Statutes, and now constituting section 1208 of the Kentucky Statutes, as follows: "If any person by any false pretense, *statement* or token, with intention to commit a fraud, obtain from another money, property or other thing which may be the subject of larceny," &c. So that it is not now indispensable there should be a false statement in words of

a past occurrence or existing fact, in order to make the offense, but it is sufficient if there be a false pretense by conduct or conversation, direct or indirect, whereby one with intention to commit a fraud, obtains from another money or property. For if the word pretense was intended to mean nothing more than or different from "statement," it was useless to amend the old statute by inserting it.

In this case, according to the evidence, defendant by false pretense and with intention to commit a fraud, caused Ronald to believe he was authorized to give him the place of night watchman at stipulated wages, and thereby fraudulently obtained from him one dollar and twenty-five cents. And, in our opinion, as the Commonwealth sustained the charge in the indictment, it was error of the lower court to instruct the jury to find defendant not guilty.

Wherefore, this opinion is ordered to be certified.