## Ray v. Shemwell.

(Decided February 16, 1917.)

### Appeal from Graves Circuit Court.

1. Trial—Pleading—Demurrer.—It is not error to overrule a demurrer to an answer as a whole, where it contains a valid defense to any cause of action in the petition, though it may contain averments in attempt to set up another defense, which are insufficient to state a defense to anything plead in the petition.

2. Libel and Slander—Justification and Mitigation—Pleading.—If a defendant, in an action for slander, admits the speaking of the words charged, and attempts to plead their truth in justification of his speaking them, it is not necessary that he should admit the precise words alleged, but he must admit the speaking of the substance of the words alleged, or at least so much of them as will sustain an action for slander, and upon such admission he may then justify the speaking upon the ground of their truth.

3. Libel and Slander—Justification and Mitigation—Evidence.—Where the truth of the charge is plead as a justification in an action for slander, if the charge is a specific one, the mere averment of its truth is sufficient, but if the charge is general in its nature, the pleading in justification, to be sufficient, must aver the acts which constitute the offense of which the plaintiff is guilty, in order to give him notice of what he will be accused, and an opportunity to meet the charge upon the trial with evidence.

4. Larceny — False Pretenses — Distinction Between Larceny and False Pretenses.—If the owner of personal property is induced by fraud to part with the possession of it, but still means and intends to retain the right of property in it, but merely intends to part with the possession, and the one receiving it, at the time, has a fraudulent intention to steal it, and converts it to his own use, it is a larceny, but if the owner intends to part, not only with the possession, but with the right of property, the offense is not larceny, but the obtention of goods by false pretenses.

STANFIELD & STANFIELD for appellant.

WEBB & WEAKS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

This action was instituted by the appellant, T. J. Ray, against the appellee, Cliff Shemwell, to recover damages for certain alleged slanderous words spoken by appellee of and concerning appellant. Although the petition was not separated into paragraphs, it alleged two causes of action, which, however, could be properly joined in one petition. The first cause of action was the alleged

speaking by appellee, on the 25th day of August, and in the presence of H. Mulligan and others, the following words, with reference to the appellant:

"He is nothing but a thief, and he has stolen all over the country, and he is a thief and has stolen and I can prove it. I have got papers to prove that he is a thief."

The second cause of action stated was the speaking by appellee of appellant, in the presence of C. Wyatt and others, on a day subsequent to the day upon which he is alleged to have spoken the above words, the following:

"He is a thief and I can prove that he stole from me."

With regard to both utterances, the appellee was alleged to have made them falsely and maliciously, and thereby charged that appellant had been guilty of larceny. All the words were alleged to have been false and slanderous.

The appellee, by answer, denied the speaking of the words, which he was alleged to have spoken on the 25th day of August, and in the presence of H. Mulligan and others, and he, also, denied that on the subsequent day, in the presence of Wyatt and others, that he said of appellant, that he is a thief or that he could prove it, but admitted that on that occasion and in the presence of Wyatt and others he did say of appellant that "he stole from me, and I can prove it, and I have papers to prove it." He then alleged that the words, which he admitted to having said on that occasion in regard to appellant were true, and further denied that the speaking of the admitted words was either falsely or maliciously done.

The appellant demurred generally to the answer and the demurrer was overruled. The affirmative averments of the answer were not denied by a reply nor taken as controverted of record, but the affirmative averments of the answer were treated by the court and parties as having been denied, and the trial proceeded as though an issue had been made. The jury returned a verdict in favor of appellee and a judgment was rendered upon the verdict, by which the petition was dismissed.

The appellant's motion and grounds for a new trial were overruled and hence this appeal.

Counsel for appellant, in their brief, urge a reversal of the judgment, because of many alleged errors in the proceedings and trial, but only two grounds were set out or stated in the grounds for a new trial, upon which the

motion for a new trial was based, and hence, the other alleged errors, complained of for the first time in this court, are not before us for consideration or determination. The reason for requiring a litigant to set out his grounds for a new trial and to make a motion for that purpose, in the trial court, is to bring to the attention of the court the rulings and judgments to which he objects, and if any of the proceedings are erroneous, the trial court may, by proper orders, correct any errors, which may have been made and which are prejudicial to the complaining party. If the party fails to designate the errors upon which he relies for a new trial, in his grounds for a new trial, it can only be presumed, that he has waived them, and he can not be heard to complain of errors in this court, which he has waived in the trial court. Slater v. Sherman, 5 Bush 206; L. C. & L. R. R. Co. v. Mahoney, 7 Bush 235; McLain v. Dibble & Co., 13 Bush 298; Hopkins v. Commonwealth, 3 Bush 480; American Credit Co. v. National Clothing Co., 122 S..W. 840; Commonwealth v. Williams, 14 Bush 297; Ohio Valley Co. v. Kuhn, 5 S. W. 419; Jones v. Wocher, 90 Ky. 230. The grounds embraced in the motion for a new trial are: First. Error in overruling demurrer to the answer.

Second. Errors in the admission and exclusion of evidence to the prejudice of appellant's substantial rights.

(1.) The action of the circuit court in overruling the demurrer to the answer will be first considered. It is insisted that the demurrer should have been sustained, because the portion of the answer, which undertook to set up a plea in justification of the language used by appellee on the ............... day of August, and in the presence of C. Wyatt and others, was defective and insufficient to constitute a defense to the matters plead in the petition. A motion was not made to require appellee to separate his answer into paragraphs, and the demurrer was offered to the answer as a whole. The answer, in addition to the attempted plea in justification, contained a traverse of the cause of action first set up in the petition. It, also, contained a denial of the speaking of a portion of the words, which are relied upon as the second cause of action set out in the petition. While the appellee admitted that upon that occasion he used a portion of the language attributed to him, he denied the use of a por-

tion of it, and while the words which he admits saying are substantially the same, as those charged, as constituting the second cause of action set out in the petition, the appellant was entitled to prove his cause of action as alleged. In this case, there was no question of any inconsistency in the defenses, as the words, the speaking of which were denied, were not the same, which the appellee admitted saying, and as a defense to the uttering of which, he attempted to plead the truth of the words as a justification. Hence, the court could not sustain the demurrer, as plead, without denying to appellee the right to a valid defense, which consisted of a denial of the use of the language alleged as the first cause of action set up in the petition, and a denial of a portion of the other language alleged and relied upon in the petition. Hence, the action of the court in overruling the demurrer was not erroneous.

The use of the words, which the appellee admitted, was sufficient to entitle him to plead the truth of them in justification. When a defendant, in an action for slander, would justify the use of the language complained of, upon the ground of its truth, he can not allege that he used defamatory language of dissimilar import from that complained of and then prove the truth of the language, which he alleges that he used, but when he admits the use of the words charged or words of similar import, he can justify their use upon the ground of their truth, and it is not necessary that he should admit the speaking of the exact words complained of, but it will be sufficient, if he admits the speaking of the substance of the words charged, or so much of them as will sustain an action for slander, and upon such admission he may then justify the speaking, upon the ground of their truth. Shipp v. Patton, 93 S. W. 1033; 29 R. 480; Edwards v. Kevil, 133 Ky. 394. Hence, the appellee having admitted the speaking of the substance of the words alleged as the second cause of action, he could plead and rely upon their truth as a defense to the charge of the speaking. The averments of the answer were, however, insufficient to state or constitute a defense to the speaking of the words, which was admitted. The words admitted were: "He stole from me and I can prove it, and I have papers to prove it." Where the truth of the charge is plead as a justification and defense in an action for slander, if the charge is a specific one, the mere averment of the truth of it is suffi-

cient, but if the charge is general in its nature, the pleading in justification to be sufficient must aver the acts, which constitute the offense of which the plaintiff is guilty. The reason for this rule is the necessity of giving to the plaintiff some knowledge of what he will have to meet, by evidence, upon the trial. While the words which appellee admitted speaking, import a charge of larceny, they did not give the appellant any notice of the facts of the transaction, which would be relied upon to prove his guilt and deprive him of any opportunity to prepare to meet the charge. 25 Cyc. 461; Newman, section 426; 31 L. R. A. (N. S.) 144, and cases there cited. Hence, the averments of the answer, to the extent that it attempted to set up a plea in justification of the speaking of the admitted words, were insufficient to support such a defense, and should have been so adjudged by the court, if appellant had directed his demurrer to such part of the answer, alone.

(2.) The appellant complains of the instructions given by the court to the jury, but complaint of them not having been made in the grounds for a new trial, it is presumed that objections to them were waived, and they are not before us for consideration, and no opinion is expressed in regard to them.

(3.) After the appellant, or plaintiff, had introduced his evidence in chief, and the appellee, as defendant, had introduced his evidence in chief, and the appellant had then offered a number of witnesses in rebuttal, including evidence bearing upon appellee's character for truth, and then appellee had testified in rebuttal and offered other witnesses in rebuttal, Joe Petitt was called as a witness for appellant and asked as to the character of appellee for honesty and truthfulness, when the court, upon objection being made by appellee, refused to allow the witness to answer, and this is complained of by appellant. The character of appellee for honesty was not and could not be in issue. The only phases of his character, which could be inquired about, was that for truthfulness and morality, and for the purpose only of affecting his credibility as a witness, but appellee could not introduce evidence of his good character for truth or morality, until it has been assailed by evidence offered by the appellant. After the appellant had had a fair opportunity to assail the appellee's character for truth, and had introduced his evidence in rebuttal, in which he offered

evidence impeaching the character of appellee for truth, the right to offer evidence upon the same subject, after appellee had testified in rebuttal, was a matter within the sound discretion of the trial court.

(b.) The appellee, in support of his plea of justification, was permitted to testify, over objection from appellant, that he and appellant were, at some time, before the uttering of the words complained of, engaged as partners in buying and selling cattle, which, when purchased by them, were placed in appellant's field; that appellant purchased a calf and put it in the field, and when he inquired of him as to where he had gotten the calf, he said that he had traded for it; that appellant sold the calf for a profit of six and one-half dollars, and had refused to divide the profits made in the sale and purchase of the calf with him, upon the ground that he had worked harder in the business than appellee, and was going to keep the profit made upon the calf. The admission of this statement, as evidence, was error. The appellant, as a partner, had authority to sell and receive the price of the calf, which was then in his possession, and could not commit a larceny by so doing, although he might thereafter refuse to pay his partner any portion of the profits. It was not even proven, that a settlement of the partnership had ever been effected, or that appellant even owed the appellee anything growing out of the partnership, and even if he was indebted to appellee for one-half of the profits made upon the calf, the mere owing of a debt and the failure to pay is not evidence of guilt of larceny.

(c.) Over the objection of appellant, the appellee, in further support of his plea of justification, was permitted to testify, that the appellant became a joint owner with another, by assignment, of a promissory note, which the appellee was owing; that the note was for the sum of two hundred dollars, and bore interest at the rate of eight per centum per annum; that he was unable from the want of necessary education to do the necessary calculating to ascertain the interest due upon the note; that after the note had borne interest for two years and eight months, appellant made a calculation and informed him that the interest then due amounted to seventy-one dollars and ninety-five cents, which he paid to appellant by a check. The appellant wrote the check and he signed it. He afterwards paid

off the note with its further interest, and by having a calculation made, he learned that at the time he paid the seventy-one dollars and ninety-five cents, there was then due only a little over forty dollars, and that appellant had obtained from him in the transaction a little less than thirty dollars more than was due; that at the time he paid the seventy-one dollars and ninety-five cents, he protested to appellant that the sum seemed to be too great, but that appellant only replied that he must remember that the note had been due for some time; that appellant had never accounted to him in any way for the over-payment, and that he had never demanded it of him. It is not necessary to state the appellant's version of this transaction, as it will shed no light upon the competency of appellee's testimony. It is insisted that the above testimony is competent, as tending to show that appellant, by fraud, obtained nearly thirty dollars from appellee, and that such fraudulent procurement of that sum proves him to be guilty of larceny. It is true, that to obtain the possession of property by fraud, with the intention, at the time, on the part of the receiver to steal it, but the owner not intending to part with the title, but only the possession, it is a larceny if the taker converts it to his own use. Morton v. Commonwealth, 150 Ky. 231; 25 Cyc. 40. If one parts with the possession of his goods for a particular purpose and another receives the goods for that purpose, but at the time has a fraudulent intent to make use of the possession, to convert the goods to his own use and does so, it is a larceny. Elliott v. Commonwealth, 12 Bush 176; Commonwealth v. Williamson, 96 Ky. 1; Blackburn v. Commonwealth, 28 R. 96; Roberson's Criminal Law, vol. 1, 564. Wherever the owner of personal property is induced to part with the possession of it by artifice or trick, but still means and intends to maintain the right of property and merely intends to part with the possession, and the one receiving it, at the time, has a fraudulent intent to convert it to his own use and does so, it is a larceny, but if the owner intends to part, not only with the possession, but the right of property, the offense committed is not a larceny, although it may be the obtention of goods by false pretenses. Elliott v. Commonwealth, *supra*; 2 Russell on Crimes 24; Commonwealth v. Williamson, *supra*; Miller & Smith v. Commonwealth, 78 Ky. 15; Commonwealth

**v.** Schang, 131 Ky. 405; Morton v. Commonwealth, *supra.* In 2 Russell on Crimes 24, it is said:

"It is a settled and well established principle, that if the owner parts with the property in the goods taken, there can be no felony in the taking, however fraudulent the means by which such delivery was procured."

Upon the same principle, if one obtains the possession of personal property by fraud, with the intention, at the time, to convert it to his own use and to steal it, and the owner intends to part with the possession only, but to retain his right of property in the goods, a larceny is committed, but if the owner is induced by fraud to part with not only the possession, but the right of property in the goods, and parts with them with the intention of vesting the right of property in the receiver, with the privilege to do as he pleases with them, a larceny is not committed, but it is the obtention of goods by false pretenses. Upon the same principle it has been held, that if one, in paying an obligation, intends to pay only a certain sum, but by mistake delivers to the other a greater sum of money and the one receiving, at the time, knows of the mistake and receives the money with the intention to steal the overpayment and does so, it is larceny, because the payor has no intention of parting with the title to the overplus. Hence, in the instant case, passing over the question as to whether a portion of the money to be drawn upon a check is the subject of larceny; when the appellee executed and delivered the check to appellant, there can be no doubt that it was his intention to part with the right of property in all the money to be realized upon the check, and it was his intention to deliver the possession of the money to appellant, together with the right of property in it, to be disposed of by him as he might please to do. The appellee does not pretend that he did not intend, when he gave the check to appellant, to part with all the property or right in it, and the money which it directed to be paid to appellant upon it. Hence, the transaction was not a larceny, nor could the circumstances of it be an evidence proving guilt of a larceny, and the court should have excluded it from the consideration of the jury. The guilt of one crime can not be proven as a justification for charging one with the guilt of another and different crime. With the evidence of the transactions in regard

to the calf and check eliminated, the record does not disclose anything in support of the plea of justification of the charge of larceny, which the appellee admits that he made concerning the appellant, and there was nothing to support the verdict of the jury in finding that the charge was justified. The admission of the evidence mentioned was prejudicial to appellant's rights.

For the errors in admitting the evidence in regard to the transactions as to the calf and check, the judgment is reversed and cause remanded for proceedings consistent with this opinion, and other proper proceedings.