**James TALBERT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1972.

Richard S. Taylor, Miller & Taylor, Owensboro, for appellant.

Guy C. Shearer, Asst. Atty. Gen., Ed W. Hancock, Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Justice.

This appeal is from a judgment convicting the appellant under an indictment charging two separate counts of obtaining money under false pretenses, defined by KRS 434.050, under which he was given one year in prison on each count.

The essence of appellant's one argument is that the facts proven do not constitute the crime of obtaining money under false pretenses. Substantially these are the facts. The appellant went into the Central Bank and Trust Company of Owensboro on the morning of December 9, 1971, and asked the teller for two rolls of nickels and two rolls of pennies. He produced a $50 bill to pay for the coins. The teller counted out his change of $45. The appellant left the $45 in change and the rolls of coins in the teller's window and produced a $5 bill saying that he intended to give her the $5 bill and offered the $5 bill. He thereupon announced that he would like to have a $100 bill and pushed the $45 in change back to the teller along with his recently produced $5 bill and told the teller to keep the $50 bill and the change and to give him a $100 bill, which she did. He then took the $100 bill and departed forthwith in somewhat of a rush. The evidence shows that while this transaction was taking place, he was "acting in a very confused manner and talking very fast."

Facts presented in evidence under the second count of the indictment show that on the same date the appellant entered the Owensboro National Bank and went through substantially the same routine with a teller of that bank, with a net profit of an identical amount. When arrested, six rolls of nickels, one roll of dimes, and

fourteen rolls of pennies were found in the glove compartment of the automobile in which appellant was riding.

The whole question in this case boils down to whether or not the fleecing of these two bank tellers by the appellant constituted obtaining money under false pretenses under KRS 434.050(1), which provides:

> "Any person who, by any false pretense, statement or token, with intent to commit a fraud, obtains from another money, property or other thing which may be the subject of larceny, or who obtains by any false pretense, statement or token, with like intention, the signature of another to a writing, the false making of which would be forgery, shall be confined in the penitentiary for not less than one nor more than five years."

We think it does. See Commonwealth v. Murphy, 96 Ky. 28, 27 S.W. 859 (1894); Smith v. Pinner, 68 Ariz. 115, 201 P.2d 741.

In People v. Schmitt, 155 Cal.App.2d 87, 317 P.2d 673, the California court said: "A false pretense is . . . 'a representation of some fact or circumstance, calculated to mislead, which is not true.'" Also in People v. Ashley, 42 Cal.2d 246, 267 P.2d 271, the court gave the following definition: "Obtaining property by 'false pretenses' is fraudulent or deceitful acquisition." See Roberson's New Kentucky Criminal Law and Procedure 2d, § 823, citing Ray v. Shemwell, 174 Ky. 54, 191 S.W. 662, 666 (1917), for a discussion of the distinction between false pretenses and larceny by trick.

In Caldwell v. Commonwealth, 221 Ky. 232, 298 S.W. 681, this court held that the gist of the offense of obtaining money by false pretense is the intent to commit a fraud.

The judgment is affirmed.

All concur.