(155 App. Div. 431.)

### PEOPLE v. MAJORANA.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

1. LARCENY (§ 13*)—ESSENTIAL ELEMENTS—CONSENT.

It was not larceny for accused to receive money from another, upon any misrepresentation that accused could and would obtain the latter's relief from service in a foreign army, since the payment was made with intent to vest title in accused, and did so.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 5–12, 25; Dec. Dig. § 13.*]

2. FALSE PRETENSES (§ 7*)—ESSENTIAL ELEMENTS.

That, in consideration of a money payment, accused stated to the payor that he could and would obtain the latter's release from service in a foreign army, does not show false misrepresentations, since accused's assurance that he would perform the service was a promise, and that he could do it was a matter of opinion; he assuming to state no fact, present or past.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 32, 33; Dec. Dig. § 7.*]

Appeal from Queens County Court.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Salvatore Majorana was convicted of larceny in the second degree, and he appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Samuel Wechsler, of New York City, for appellant.

Matthew J. Smith, of Long Island City (W. J. Creamer, of Brooklyn, on the brief), for the People.

THOMAS, J. The defendant was convicted upon two counts in an indictment, one charging larceny of $60, and one alleging that the money was obtained by false representations.

[1] The complainant, wishing relief from service in the Italian army, relied upon defendant's statement that he could and would obtain it, and for his proposed service paid him the money. There was no larceny, as the complainant intended to vest the title in the defendant, and did so.

[2] There was not false representation, as the defendant assumed to state no fact, present or past. People v. Miller, 169 N. Y. 339, 62 N. E. 418, 88 Am. St. Rep. 546. The assurance that he would perform the service was a promise, and that he could do it was a matter of opinion. Neither sustain the count. People v. Miller, supra; People v. Blanchard, 90 N. Y. 314. The defendant is such a cheat as the law cannot punish.

The judgment of conviction should be reversed, and a new trial ordered.

BURR and RICH, JJ., concur. HIRSCHBERG and WOODWARD, JJ., concur in result.