(95 Misc. Rep. 147)

### HURWITZ et al. v. DRYFOOS.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

1. PLEADING ☞8(15)—FRAUD—AVERMENT OF FACTS.
     The complaint alleged plaintiffs were copartners engaging as salesmen of silk fabrics; that defendant induced them to enter his employ on false representations that he was a factor for various manufacturers of silk fabrics and in a position to become factor for many others; that he was financially in a position to act as factor to silk manufacturers, being at that time able to execute any and all orders and sales to the extent of $250,000 per year and over, in accordance with the custom of the silk trade.  There were further allegations explaining that, to do a business of the extent named, the factor should have a cash or credit account sufficient to obtain merchandise, etc.  *Held*, that the complaint contained averments of fact sufficient to state a cause of action.
     [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 28½; Dec. Dig. ☞8(15).]

2. FRAUD ☞42—ACTIONS—COMPLAINT.
     A complaint in an action for fraudulent representations should allege that the misrepresentations were made by defendant with intent that they should be acted upon.
     [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 39; Dec. Dig. ☞42.]

3. APPEAL AND ERROR ☞193(1)—REVIEW—QUESTIONS WHICH CAN BE REVIEWED.
     · Where the complaint was dismissed on the opening statement, objections to the complaint, not raised in the court below, cannot be urged on appeal.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1226, 1230, 1231, 1237, 1240; Dec. Dig. ☞193(1); Pleading, Cent. Dig. § 1355.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Louis Hurwitz and Samuel Gross, copartners, against Mortimer H. Dryfoos. From a judgment dismissing the complaint upon the pleadings and opening, plaintiffs appeal. Reversed and remanded.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

David Haar, of New York City, for appellants.

Walter S. Dryfoos, of New York City, for respondent.

BIJUR, J. [1] Plaintiffs sue for damages resulting from the alleged false representations of defendant. The complaint alleges that plaintiffs were copartners engaged as salesmen of silk fabrics; that defendant induced them to enter his employ upon the false representation that he was "the factor for various manufacturers of silk fabrics, and that he was in a position at that time to become the factor of many others; * * * that he was financially in a position to act as factor to silk manufacturers, being at that time financially able to execute any and all orders, and to effectuate any and all sales that might or could be obtained or negotiated by the plaintiffs for him to the extent of $250,000 per year and over in the manner and custom of the said trade of selling silk merchandise by means of factors and commission agents." There are further allegations explaining that, to do a business of the extent named, the factor must, according to the custom of the trade, have a "cash or credit account sufficient to obtain merchandise," etc.

The learned judge below evidently entertained the view that this was the statement of an opinion or hope, rather than of a fact. The respondent cites in support of the judgment, among other cases, People v. Majorana, 155 App. Div. 431, 140 N. Y. Supp. 8; but a reading of that case demonstrates clearly that, as the court says, "the assurance that he *would* perform the service was a promise, and that he *could* do it was a matter of opinion." The alleged statement of the defendant in the case at bar was that he actually then had the financial ability to do a certain amount of business according to the custom of the trade, and that, according to that same custom, said ability required his having a certain cash or credit account, which he did not have. It may be difficult for the plaintiffs to prove, either at all or with sufficient certainty, the allegations of the complaint; but with that we are not concerned. The statements as pleaded were statements of a fact, namely, in substance, the extent of defendant's cash or credit.

[2, 3] On the present appeal, defendant's counsel also urges that there is no allegation in the complaint to the effect that defendant made the representation "with the intention that it should be acted upon by the plaintiffs." Such an allegation is no doubt necessary to sustain an action based on false representations, and if it is not to be found in the complaint the latter is defective; but an examination of the record shows that that point was not raised below, and it is not, therefore, available here. See, particularly, McCarton v. City of New York, 149 App. Div. 516, 133 N. Y. Supp. 939. Moreover, as I understand respondent's position, no stress is laid upon this point; the real question in controversy being the one first above discussed.

Judgment reversed, and a new trial granted, with $30 costs to appellant to abide the event. All concur.