THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAXWELL R. SLOANE and JACOB WALDORF, Defendants.

County Court, Kings County, December 18, 1937.

*William F. X. Geoghan, District Attorney*, for the plaintiff.

*Milton Smith*, for the defendants.

FITZGERALD, J. Two indictments (No. 16,953a and No. 16,953b) charge both defendants with grand larceny in the first degree.

Motions have been made for an inspection of the grand jury minutes, upon which the indictments are based, or, in the alternative, for the dismissal of the indictments.

Indictment No. 16,953a (hereafter referred to as indictment A) contains four counts. The first and third counts charge statutory larceny by false pretenses and representations, and counts two and four common-law larcenies.

Indictment No. 16,593b (hereafter referred to as indictment B) contains two counts, the first count charging larceny by false pretenses and representations; the second, a common-law larceny.

It is alleged in the first count that the defendants represented to Martin H. Topp and Anna, his wife, that they were salesmen employed by a syndicate which was assembling lots at a place known as Westhampton Gardens in Suffolk county, this State; that the State of New York was about to erect a State hospital at Southampton, Suffolk county, N. Y., with Works Progress Administration funds, and would require lots for a site therefor; that the defendants would arrange to sell eight lots at Westhampton to said Topps for $100 each; that the defendants were then in a position to resell the same for $1,000 each immediately for part of such hospital site; that they would arrange all details, and then there were recitals that the representations were made with intent to deprive the Topps of said $800; that the Topps believed said representations to be true and relied upon them, and were thus induced to deliver the said $800 to the defendants; that the said representations were untrue and were known to said defendants to be false and fraudulent when made.

The recitals of the third count were identical with those of the first count except that in the first count eight specific lots are mentioned, while in the third count a different seven lots are described, and the sum in the first count alleged to have been stolen is $800, and in the third count the amount is $700.

The charge being larceny by false pretenses or representations, the rule is that the indictment must set forth the facts which would constitute obtaining money by false pretenses at common law, and the evidence must establish such facts beyond a reasonable doubt.

At common law, to constitute the crime of obtaining property by false pretenses, it is necessary to allege and prove the false pretenses, that the property was obtained thereby, that the false pretenses were made with intent to cheat and defraud, and that the money was paid in reliance upon and under inducement of the false pretenses.

A conviction cannot be had of obtaining money by false pretenses where no false statements of existing facts were made, but only false promises, made without intention of fulfillment. That a false statement was made that an intention existed is immaterial.

In *People* v. *Blanchard* (90 N. Y. 314, at p. 325) the court said: " We have found no case which holds that an indictment for false pretenses can be founded upon an assertion of an existing intention, although it did not in fact exist."

The representations in the foregoing counts are not representations of existing facts. Allegations " that the State of New York was about to erect a State Hospital at Southampton, Suffolk County, N. Y., with Works Progress Administration funds, and would require lots for a site therefor;" and " that the defendants would arrange to sell eight lots at Westhampton, Long Island, to the said Martin H. Topp and his wife, Anna Topp, for $100 each; that the defendants were then in a position to resell the same immediately for part of such Hospital site," cannot by any stretch of the imagination be said to be representations of existing facts. The counts are fatally defective.

The second and fourth counts charge common-law larcenies.

The testimony before the grand jury establishes that the complainants paid the respective amounts mentioned in the counts to the defendants; they received in return written receipts reciting that the sums so paid were in full payment for certain designated lots of land, and subsequently deeds to the specific lots were delivered to the complainant and recorded.

The evidence establishes that there was a voluntary delivery of the money and an intention to part with both possession and title. Under the circumstances there is no common-law larceny. (*People* v. *Noblett*, 244 N. Y. 355, at p. 362; *Loomis* v. *People*, 67 id. 322; *People* v. *Cohen*, 148 App. Div. 205, at p. 208.)

Indictment B was found upon the testimony of a different complainant than the complainants upon whose testimony indictment A was found. The alleged false representation in indictment B is " that the Government was about to construct a canal which was to run through Jamesburg Park, New Jersey, and would require lots for said prospect."

The evidence upon which the second count was predicated establishes that the complainant paid a certain sum of money to defendants

for which he received a receipt reciting that the money was in full payment for certain lots, and thereafter complainant received a deed for the property.

What has been said as to the counts in indictment A applies equally to indictment B.

On these motions the court is not required to pass upon the morality or the ethics of defendants' conduct. The only question for the court is whether the indictments are good on their face or whether the competent legal evidence before the grand jury is sufficient to sustain the indictments.

A preliminary objection to the motion to inspect the minutes of the grand jury was made by the district attorney for the reason that the moving papers do not comply with the settled rules warranting an inspection. (*People* v. *May*, 158 Misc. 488.)

It appears from an inspection of the indictments, however, that the counts charging larceny by false pretenses are defective, and as the inspection of the minutes discloses that the evidence does not establish common-law larcenies, and as there was no preliminary hearing before a magistrate, the court is of the opinion that time, effort and expense will be saved by treating the motions as applications for the dismissal of the indictments on the grand jury minutes. The decision will be based upon such assumption.

Motions granted; both indictments dismissed as to both defendants.