THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MAXWELL R. SLOANE, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JACOB WALDORF, Respondent.— Appeals from *two* orders dismissing separate indictments each of which charges defendants with the crime of grand larceny in the first degree. Indictment No. 16953A, in the first and third counts, charges that defendants obtained sums of money by fraudulent and false pretenses that they

were salesmen employed by a syndicate assembling lots as a site upon which the State was about to erect a hospital and that defendants would arrange to resell the lots for purchasers at a large profit. The second and fourth counts charge defendants with the crime of larceny in common-law form. Indictment No. 16953B, in the first count, charges that defendants obtained a sum of money by fraudulent and false pretenses that they were salesmen employed to sell lots upon which the Federal government was about to construct a canal and that defendants would arrange to resell such lots for the purchaser thereof to the government for a large profit and would participate as purchasers in the transactions. The second count charges larceny in common-law form. As to indictment No. 16953A, order of the County Court of Kings county modified by granting the motion to dismiss as to the second and fourth counts and by denying the motion in other respects. As so modified the order is affirmed. As to indictment No. 16953B, order of the County Court of Kings county modified by granting the motion to dismiss as to the second count and by denying the motion in other respects. As so modified the order is affirmed. Promises or representations relating to the future ordinarily are not indictable (*People* v. *Blanchard*, 90 N. Y. 314; *People* v. *Miller*, 169 id. 339, 351; *People* v. *Majorana*, 155 App. Div. 431; *People* v. *Hart*, 35 Misc. 182), but here the proof was ample that defendants, by their representations, imported that the State and Federal governments already had taken affirmative action in accordance with an existent plan to build a hospital and a canal at the sites in question and had completed the preliminary requisites prior to acquirement of the land itself. These were representations of existing facts. (See *People ex rel. Gellis* v. *Sheriff*, 251 N. Y. 33, 36, 37; *Adams* v. *Gillig*, 199 id. 314.) So, also, were the representations that the defendants were secretly working for a syndicate engaged in purchasing lots comprising the site, as to which there was competent proof with respect to indictment No. 16953A, and as to participation in the purchase, as to which there was competent proof with respect to indictment No. 16953B. The falsity of such representations may be implied from proof with respect to a common scheme. (*Bielschofsky* v. *People*, 3 Hun, 40.) The complainants had voluntarily parted with possession and title to the money, so that an indictment charging larceny in common-law form will not lie. (*People* v. *Noblett*, 244 N. Y. 355, 360; *People* v. *Cohen*, 148 App. Div. 205, 208.) Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur. [165 Misc. 444.]