SHEILA MILLER, Respondent, v. CITY OF NEW YORK, Appellant.— Appeal from a judgment in favor of the plaintiff in an action to recover damages for negligence on the part of the defendant, the City of New York, in an accident in which plaintiff came into contact with one of its trolley cars. Judgment affirmed, with costs. No opinion. Nolan, P. J., Carswell, Johnston and Sneed, JJ., concur; Wenzel, J., dissents and votes to reverse the judgment and to dismiss the complaint on the ground that, as a matter of law, the plaintiff was guilty of contributory negligence.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY BARD, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting him of a violation of section 965 of the Penal Law (excessive charges in connection with rental agreement). Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY S. BILSKI, Appellant.— Appeal from a judgment of the County Court of Queens County, convicting appellant of the crime of assault in the second degree. Judgment reversed on the law and the facts and a new trial ordered. While there was proof from which the jury could have found that appellant aided in and abetted the commission of the crime, even though not a participant in the actual assault (cf. Penal Law, § 2; 1 Wharton's Criminal Law [12th ed.], § 246), the case was not submitted on that theory, but was submitted on the theory that appellant actively participated in the assault. The verdict, which we must assume is based on a finding of such participation by appellant, is against the weight of the evidence. Moreover, in instructing the jury, the trial court misquoted the evidence, in stating that there was evidence that appellant struck the complainant, Fitzgerald. Although no exception was taken, the error was prejudicial, and requires a reversal under the circumstances disclosed by the record. (Code Crim. Pro., § 527; *People* v. *Di Cupillo,* 271 App. Div. 1032.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES H. FORRESTER, Appellant.— Judgment of the County Court, Queens County, convicting appellant of the crime of grand larceny in the first degree, reversed on the law and the facts and a new trial ordered. The evidence allows findings that the appellant, a building contractor, agreed to make an alteration and addition to the complaining witness' house for $2,000; that he received $1,400 on account; that he did some work and furnished some materials but did not complete the job; that the complaining witness expended additional sums of her own to have other persons complete the job; that appellant did not pay some of the materialmen who furnished materials for the job on his order, and that some of the funds received by appellant from the owner were used by appellant for purposes other than those of this job. There is no evidence, however, of the value of the work actually performed and the materials actually furnished by appellant. We are of opinion that it was error to submit to the jury the question of determining whether or not appellant had an intent to perform the construction contract at the time that he received the $1,400 on account. (*People* v. *Karp,* 298 N. Y. 213.) Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.