■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD HUBBARD, Appellant.— Appeal from an order of the County Court, Kings County, denying an application in the nature of a writ of error *coram nobis* to vacate a judgment of said court rendered November 19, 1952 convicting appellant of robbery in the second degree, and sentencing him to serve from 7½ to 15 years as a second felony offender. Order unanimously affirmed. No opinion. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD M. SAVAGE, Appellant.— Appeal (1) from a judgment of the County Court, Nassau County, convicting appellant of violating section 483-b and subdivisions 1 and 2 of section 483 of the Penal Law, and (2) from orders denying appellant's motion to set aside the verdict and for a new trial and all other and intermediate orders therein made. Judgment reversed on the law and the facts and new trial ordered. The rape count, of which appellant was acquitted, should have been dismissed by the court for lack of corroboration (*People* v. *Croes,* 285 N. Y. 279; *People* v. *Page,* 162 N. Y. 272). Despite the acquittal,

submission of that count to the jury was prejudicial to appellant and prevented a fair trial (*People* v. *Nicoll,* 3 A D 2d 64). The learned trial court erred in charging the jury that character evidence was to be taken into consideration "when all the other evidence in the case be sufficient to raise a reasonable doubt as to the guilt of the defendant" (*People* v. *Weiss,* 129 App. Div. 671; *People* v. *Conrow,* 200 N. Y. 356). Appellant's failure to except to this portion of the charge does not prevent reversal by this court in the interests of justice (*People* v. *Mahoney,* 280 App. Div. 816; *People* v. *Bilski,* 274 App. Div. 1006). No separate appeal lies from the intermediate orders, including orders denying a motion to set aside the verdict and for a new trial, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: The verdict of guilty is amply sustained by the evidence. In my opinion, there was no error, but assuming that there was, it should be disregarded (Code Crim. Pro., § 542).