THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE FISKE, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 17, 1962 after a jury trial, convicting him of grand larceny in the second degree and imposing sentence. Judgment reversed on the law and the facts, indictment dismissed and bail exonerated. Defendant was convicted of grand larceny in the second degree under an indictment charging that he appropriated the proceeds of a $484 check drawn to his order by making false representations to the maker (Dr. Philip Skalka, the purchaser of a new house being built) "that the funds would be deposited to the account of Shelter Rock Homes, Inc.", a building corporation of which defendant was the president. This indictment was insufficient as a matter of law. A conviction under sections 1290 and 1290-a of the Penal Law cannot be predicated upon a promise or upon an expression of intention not meant to be fulfilled (*People* v. *Karp,* 298 N. Y. 213; *People* v. *Forrester,* 274 App. Div. 1006; *People* v. *Sloane,* 254 App. Div. 780, affd. 279 N. Y. 724). In any event, a reading of the record fails to reveal that defendant made any representations at all in connection with the disposition of the funds. On this point, the only testimony of Dr. Skalka, the maker of the check, was that defendant, when asked to whom the check should be made payable answered " To me, but you can give me cash if you want to." The record does, however, contain convincing evidence that the corporation from which defendant is charged with having stolen the money generally sanctioned the diversion of its funds from its checking account because the corporation checking account was so chronically overdrawn that it was closed out by five different banks during a one-year period. The jury appears to have found such sanction existed, for it refused to convict defendant on eight other similar charges of theft from the corporation but was apparently misled into thinking that the charge presently before us involved theft from the person who paid the money. Such a mistake by the jury would have been natural in view of the fact that, at various times during the 12-day trial, both the prosecutor and the defendant's attorney, as well as the court, all mistakenly characterized this count of the indictment as charging theft from the payor of the check. Christ, Hill and Rabin, JJ., concur; Beldock, P. J.,

dissents and votes to affirm the judgment, with the following memorandum: While a mere promissory statement as to what will be done in the future may not be indictable (*People* v. *Karp*, 298 N. Y. 213), a false statement of a promisor's state of mind is indictable because the state of a man's mind is a fact which may be the subject of a false representation (*People ex rel. Gellis* v. *Sheriff*, 251 N. Y. 33, 37). In the case at bar the jury could find that defendant took Skalka's money on a false representation that the money would be used for the extras, without ever intending to perform. The money was stolen from the corporation because the real property was owned by the corporation and it was the corporation which was contracting to build the house and do the extras. Ughetta, J., dissents and votes to affirm the judgment, with the following memorandum: The defendant was the only man with whom Dr. Skalka dealt. The contract to buy the house was between the corporation (Shelter Rock Homes, Inc.) and Dr. Skalka. When it came to extras the dealings were with defendant Fiske exclusively and, at his instance, the $484 was paid by check to him pursuant to the contract between Dr. Skalka and the corporation, signed by defendant on behalf of the corporation. No extras were ever done; defendant never turned the money over to the corporation: he gave it to his wife. This is a plain case of larceny. The proof was sufficient to warrant the jury in believing that at the time of taking the money the defendant knew he was misrepresenting as to an existent fact — that the corporation would not perform (see *People* v. *Sloane*, 254 App. Div. 780, aff'd. 279 N. Y. 724).