STATE OF CONNECTICUT *vs.* J. HOWARD RAPSEY.

MALTBIE, C. J., HAINES, BANKS, HINMAN and AVERY, Js.

Argued June 23d—decided August 9th, 1932.

*David M. Reilly,* for the appellant (the accused).

*Samuel E. Hoyt,* State's Attorney, with whom, on the brief, was *Abraham S. Ullman,* Assistant State's Attorney, for the appellee (the State).

MALTBIE, C. J.   The information against the defendant contains seven counts.  Upon the first three, charging him with the theft on May 11th, 1929, of certain securities belonging to Elizabeth M., Elizabeth J. and Massena Clark, the trial court found him not guilty, and the fifth and sixth counts, charging him with obtaining by false pretenses certain securities belonging to the two last named were nolled.  We are concerned therefore with only the two on which he was found guilty, the fourth and seventh.  The fourth count charged him with the theft, on July 20th, 1929, of certain securities belonging to Elizabeth J. and Massena Clark of the value of $89,912.17, and the seventh with the theft from the three Clarks of a deed of certain real estate in New Haven.  The claim of the

State was that the defendant obtained possession of the securities and the deed by means of certain false representations and thereafter converted them to his own use. It is sufficient for the purposes of this case to define the crime of theft of the nature here charged as the obtaining of the possession of personal property of another by deception, artifice, fraud or force, with the intent on the part of the person obtaining it to convert it to his own use and permanently to deprive the owner of his property, and to point out that if the owner intends to part with the title to the property as well as possession, whatever other crime may have been committed, it will not be theft. *State* v. *Fenn,* 41 Conn. 590, 606; *State* v. *Kallaher,* 70 Conn. 398, 409, 39 Atl. 606; *State* v. *Reynolds,* 95 Conn. 186, 110 Atl. 844; *Loomis* v. *People,* 67 N. Y. 322; *People* v. *Noblett,* 244 N. Y. 355, 361, 155 N. E. 670; *Commonwealth* v. *King,* 202 Mass. 379, 393, 88 N. E. 454; 2 Brill, Cyclopedia Criminal Law, § 761; Clark & Marshall, Law of Crimes (2d Ed.) § 316.

The defendant has brought before us all the evidence and claims that upon it the trial court could not reasonably have found him to be proven guilty beyond a reasonable doubt. As regards the fourth count, that defendant made false and fraudulent representations to the Clarks, in reliance upon which they delivered the securities to him, is amply supported by their testimony. According to them the defendant said that his business was in a healthy condition and that he had a very strong position in the market and that certain securities which had been previously delivered by them to him, the subject-matter of the first three counts, were intact, statements which the trial court might well have found were false and fraudulent. It might also have found that the defendant promised to invest or liquidate the

securities delivered to him, for the Clarks, a promise which was made without any intent to keep it but with the purpose of using them to carry on speculative operations in the market.

The principal claim of the defendant is that the State failed to establish with the requisite degree of proof that possession of the securities, rather than title, was transferred to him. The defendant, through a corporation, J. Howard Rapsey, Incorporated, all the stock of which he testified he owned, was engaged in trading in stocks and produce upon the regular exchanges. He makes no claim based upon any effort to distinguish between his own acts and liabilities and those of the corporation. The securities which were involved in the offense charged in the fourth count were a part of the estate of Edward M. Clark and the beneficial interest in them belonged to Elizabeth J. and Massena Clark. The latter delivered them to the defendant sometime before July 20th to hold for them and to secure the proper transfers when the estate was settled. The defendant testified that the Clarks were thoroughly informed by him that his business consisted of speculating in the market and that the securities were transferred to him to be dealt with in any way he saw fit and to be used by him as a part of the capital of the company in its speculative operations. On the other hand, the Clarks testified in substance that, while they knew the defendant to be a speculator in the market, the securities were turned over to him to be reinvested or liquidated for them; that he was to have full discretion as to how he should handle them; but that he promised that he would not speculate with their property but would deal with it conservatively. There was much testimony and many circumstances produced before the court in support of the respective claims of the parties. The defendant

in particular stresses certain letters signed by the Clarks. One of these, dated July 20th, 1929, is addressed to the Rapsey Company; it states that certain securities had been placed with the company under a previous agreement, which was in terms cancelled, as had also been the securities now in question, reciting that they would be the property of the Clarks when the estate of Edward M. Clark should be settled; that it was agreed that the company was to have full authority to negotiate, pledge, sell or otherwise employ or dispose of the securities and employ the proceeds in any manner it saw fit, provided certain monthly payments were made the Clarks, and on August 1st, 1930, the company was to return to each of them $105,000 in cash or its equivalent in securities, whichever was most convenient to it; and that each of the Clarks might during the life of the agreement draw upon the company for $10,000, paying interest at the New York call money rates. The other letters were addressed to New York brokers and authorized them to transfer or assign the securities owned by the Clarks into the account of the Rapsey Company, and certain of them stated that the company had authority to negotiate or otherwise employ or dispose of them. The Clarks testified that these letters were all prepared by the defendant and that they never carefully read them or considered their effect because of their trust and confidence in him. But, that aside, these letters evidence a power given to the defendant to deal with the securities rather than an outright transfer of title to him; they do not purport to transfer the securities to him to be held and used as his own property; and they are not necessarily inconsistent with the position of the Clarks, that the defendant was acting as a broker for them, to deal with their securities for the purpose of reinvestment or liquidation, with broad

powers to use his own judgment as to the way in which he should act for them. Such inferences as arise from the letters were for the consideration of the trial court in connection with all the other evidence. The testimony of the Clarks was not entirely consistent, but primarily the question for the trial court was the credibility which it should accord to their testimony on their examination in chief as witnesses for the State. Upon all the evidence, we cannot say that the trial court was not justified in its acceptance of the account of the transaction given by them. Upon that basis, the conclusion would necessarily be that the defendant accepted the securities as a broker and therefore as the agent of the Clarks; and that he had possession, with broad powers of dealing with them, but not title. *State* v. *MacCullough,* 115 Conn. 306, 161 Atl. 512; *State* v. *Schofield,* 114 Conn. 456, 463, 129 Atl. 285. The defendant intended, according to his own testimony, to use the securities in his speculations, when he acquired them, and in fact did so, with the result that they were entirely lost. There can be no question upon the evidence that he appropriated them to his own use with a felonious intent. *State* v. *MacCullough, supra; People* v. *Miller,* 169 N. Y. 339, 349, 62 N. E. 418; *Commonwealth* v. *King,* 202 Mass. 379, 393, 88 N. E. 454; *Morton* v. *Commonwealth,* 159 Ky. 231, 166 S. W. 974. The conclusion of the trial court that the defendant was guilty of the offense charged in the fourth count must stand.

The subject-matter of the theft charged in the seventh count is a deed of certain property in New Haven owned by the three Clarks, executed and delivered to the defendant but naming as grantee a certain corporation he had formed to handle some real estate he owned. Whatever other questions might arise under this count, the evidence is clear that this deed trans-

ferred the title of the real estate to the grantee named in it. This is the purport of the deed itself; the defendant gave his personal notes for the purchase price, which were never returned and one of which, not due, the Clarks still held at the time of the trial; and Elizabeth J. and Massena Clark testified in substance that they intended by the deed to convey title to the land, the former stating that the land was a present to the defendant, and the latter, that, when the deed was signed, she knew that the land was no longer theirs and that they had no interest in it. If the deed conveyed title to the land, the deed itself became the property of the grantee named in it and, under the law stated at the beginning of this opinion, a charge of the theft of it by fraud, artifice or deception cannot be sustained.

There is no error as to the fourth count in the information; there is error as to the seventh count and as to it the judgment is reversed; the case is remanded with direction to modify the judgment by finding the defendant not guilty on that count.

In this opinion HINMAN, BANKS and AVERY, Js., concurred; HAINES, J., dissented from the conclusion reached by the opinion as to the fourth count of the information.