PIERCE *v.* STATE.

[No. 28,326.   Filed June 17, 1948.]

*Jack B. Kammins*, of Indianapolis, for appellant.

*Cleon H. Foust*, Attorney General, *Frank E. Coughlin*, First Deputy Attorney General, and *Merl M. Wall*, Deputy Attorney General, for the State.

GILKISON, J.—Appellant was prosecuted on count three of an affidavit filed in the trial court. The sufficiency of the affidavit is not questioned. The cause was tried by the parties and the court on the theory that this count of the affidavit charged the defendant with the crime of procuring $25 in money from one Matthew Overton by false pretenses. For this reason, we shall treat the charge likewise.

The trial was by the judge without a jury, resulting in a finding of "guilty of false pretense as charged in the third count of the affidavit" and that defendant is 38 years old. Upon this finding judgment was rendered sentencing the defendant to the Indiana State Prison not less than one nor more than seven years, and fining him ten dollars.

A motion for new trial was duly filed, sufficient to present two questions in this appeal; that the finding is not supported by sufficient evidence and that the finding is contrary to law. The assignment of error charges error in overruling the motion for new trial.

In addition to the motion for new trial filed for appellant by his attorney, appellant filed another himself, containing eleven alleged causes, only two of which are sufficient to present any question. They are the statutory causes as noted above. Both motions were overruled.

In determining the sufficiency of the evidence to sustain the conviction we cannot weigh the evidence. In this case that duty was for the trial court, first, in rendering the finding and second, in passing upon the motion for new trial. We may examine the evidence only to ascertain if there is some competent evidence or inference on the several propositions essential to support the finding and judgment.

The statute defining the offense charged and providing the penalty therefor so far as applicable to this case, is as follows:

> "Whoever, with intent to defraud another, designedly, by . . . . any false pretense . . . obtains from any person . . . any money, . . . or thing of value, . . . shall, on conviction, be imprisoned in the state prison not less than one [1] year nor more than seven [7] years, and fined not less than ten dollars [$10.00] nor more than one thousand dollars [$1,000] . . ." § 10-2103, Burns' 1942 Replacement.

The uncontradicted evidence shows that appellant, one Hazel Helene Importico and Marott Eugene Pierce came to Indianapolis from Detroit, Michigan on a Greyhound bus, arriving on Saturday, January 11, 1947 about four o'clock A. M. They later the same day

took lodging at the English Hotel. Appellant placed an advertisement in the Indianapolis Sunday Star the next day as follows: "1938 Buick Roadmaster Sedan; original green finish; side mounts, radio, heater, good tires, perfect cond.; $500. Mr. Todhunter, English Hotel, Sun."

One Matthew Overton of Indianapolis, saw the advertisement Sunday morning, called Mr. Todhunter over telephone at the English Hotel, then went to the hotel and talked to him about the advertised car. By invitation of Todhunter, Overton returned later, contracted for the car and made a $25.00 deposit on it. Todhunter gave him a receipt as follows:

"Recd of M. M. Overton $25.00 Deposit on 1938 Buick Sedan. Deposit to be returned if not satisfactory.
R. Todhunter."

Todhunter told Overton the car was at the parking garage at the Motor Club and could not be seen until Monday morning. Mr. Overton called the hotel Monday morning, and was referred to the police detective department and learned that Todhunter was in jail. At the trial Mr. Overton identified the defendant, Pierce, as the man with whom he dealt, and who had posed as "Todhunter" in the advertisement and sale of the car to him. Mr. Overton did not get the car—never saw it, and does not know there was such a car.

Mr. George Winkley of Indianapolis, had a similar experience with the same man on the same day. Mr. Winkley testified there were 12 or 14 other people waiting at the hotel to see Mr. Todhunter when he was there. Mr. Winkley made a similar deposit, but never got a car.

Defendant told Indianapolis policemen, Akeman and Mangus, when they questioned him about 9:30 P. M. on

the same day, that he did not have a 1938 Buick sedan and had not owned a car for the past two years. He turned over $53.00 and said it was money obtained from persons that came to the hotel to buy the advertised car that day.

Thus it appears that appellant, under an assumed name, by his advertisement in the Sunday Star, falsely pretended that he had a 1938 Buick Roadmaster Sedan for sale for $500.00. In his conversation with Mr. Overton he continued the false pretense and collected $25.00 from him on the sale of the car. He collected a similar sum from Mr. Winkley under the same false pretense, and had 12 or 14 other persons, attracted by the same false advertisement, waiting to buy the same car. There is evidence, therefore, supporting every proposition necessary to sustain a finding of guilty of obtaining money under false pretense. The finding is not contrary to law. *Harrod* v. *State* (1928), 200 Ind. 24, 26, 161 N. E. 3.

We agree with appellant's proposition, that the evidence must show that the owner was induced to part with his money, without any expectation that it would be returned to him in order to sustain a conviction of obtaining money by false pretense. *Roberts* v. *State* (1914), 181 Ind. 520, 523, 104 N. E. 970. *Johnson* v. *State* (1944), 222 Ind. 473, 479, 48 N. E. 2d 462. In this case surely the owner had no reason to expect a return of the $25.00 paid to appellant, notwithstanding the statement in the receipt given by appellant. We are unable to agree with appellant's ingenious argument that Overton did not intend to part with title to the $25.00 delivered to appellant because it was to be returned to Overton if he were not completely satisfied with the car when he saw it the next morning. The fallacy of this position

is that there was no such car, and therefore no possibility of Overton ever seeing such car the next morning or at any other time. To allow this argument would be to give approval to appellant's criminal scheme. This we cannot do.

Of course a charge of obtaining money by false pretense cannot be based upon a promise to do something in the future. *Brown* v. *State* (1906), 166 Ind. 85, 86, 76 N. E. 881; *State* v. *Ferris* (1909), 171 Ind. 562, 86 N. E. 993. But in this case the false representation charged was not to do something at a future date. On the contrary it was that appellant then had an automobile in an Indianapolis garage which he was offering for sale. The statement was wholly false.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 79 N. E. 2d 903.