The People of the State of New York, Respondent, *v.* Harold Karp, Appellant.

Submitted June 7, 1948; decided October 14, 1948.

*John F. X. Sheridan, Harry Silver* and *James F. Cosgrove* for appellant. I. The criminal offense of obtaining money by false pretenses cannot be predicated upon a false statement of intention to perform a future act, a promise not meant to be fulfilled. Hence, upon the record, defendant's conviction cannot stand as a conviction for larceny by false pretenses. (*People* v. *Blanchard,* 90 N. Y. 314; *People* v. *Rothstein,* 180 N. Y. 148; *Chaplin* v. *United States,* 157 F. 2d 697; *People ex rel. Gellis* v. *Sheriff,* 251 N. Y. 33; *People* v. *Sloane,* 254 App. Div. 780, 279 N. Y. 724.) II. The criminal offense of larceny by trick and device has no application. Section 1290 of the Penal Law (L. 1942, ch. 732) does not broaden the scope of the crime of larceny. (*People* v. *Noblett,* 244 N. Y. 355.) III. There is no proof that defendant did not intend to perform his promissory and contractual representations. Thus even if the indictment could be supported by proof of fraudulent promises the fact remains that there is no proof of anything beyond simple breach of contract — if indeed that be shown. (*Kley* v. *Healy,* 149 N. Y. 346; *Ballen* v. *Potter,* 251 N. Y. 224.) IV. There is no proof to sustain the grand larceny charge either by embezzlement (count 1) or other form of larceny (count 2). V. Conviction of defendant under the larceny counts upon proof of false representations and pretense, which means were not alleged in the indictment, is contrary to the direct command of section 1290-a of the Penal Law. Defendant was convicted of an offense for which he was not indicted. (*People* v. *Dumar,* 106 N. Y. 502.) V. Defendant could not be guilty of both the embezzlement and the larceny counts, upon the record. Hence the jury's verdict of guilty as charged cannot stand. (*People* v. *Barnes,* 158 App. Div. 712.)

*Charles P. Sullivan, District Attorney* (*Henry W. Schober* of counsel), for respondent. I. Defendant's fraudulent intent was sufficiently established. (*Ritzwoller* v. *Lurie,* 225 N. Y. 464;

*Reno* v. *Bull,* 226 N. Y. 546.) II. The representations made by defendant, though coming within the rule applied by the law of fraud and deceit, were such as to satisfy the requirements of the Penal Law concerning fraudulent representations. (*Penal Law,* § 1290, subds. 1, 2, 3; *People* v. *Miller,* 169 N. Y. 339; *Zink* v. *People,* 77 N. Y. 114; *Smith* v. *People,* 53 N. Y. 111; *People* v. *Noblett,* 244 N. Y. 355; L. 1942, ch. 732; *People* v. *Bearden,* 290 N. Y. 478.) III. There was no defect in the indictment. (*People* v. *Wiechers,* 179 N. Y. 459; *People* v. *Bresler,* 218 N. Y. 567; *People* v. *Cummins,* 153 App. Div. 93, 209 N. Y. 283; *People* v. *Weiss,* 158 App. Div. 235, 210 N. Y. 546; *People* v. *Werblow,* 241 N. Y. 55; *Hope* v. *People,* 83 N. Y. 418; *Phelps* v. *People,* 72 N. Y. 365; *People* v. *Sullivan,* 173 N. Y. 122.) IV. There was no error in the trial court's charge.

*Per Curiam.* The indictment upon which defendant has been convicted contains thirty counts, fifteen charging theft as bailee and agent, the balance, that sort of theft labeled and prosecuted prior to 1942, as obtaining property by false pretenses. It is with these latter counts that we are concerned.

In this State, before the 1942 amendment of section 1290 of the Penal Law — as at the common law — the crime of obtaining property by false pretenses could not be predicated upon a promise or upon an expression of intention not meant to be fulfilled. (See *People* v. *Blanchard,* 90 N. Y. 314, 324; *People* v. *Rothstein,* 180 N. Y. 148, 152.) The new larceny law (Penal Law, §§ 1290, 1290-a; L. 1942, ch. 732), it is true, as the district attorney observes, was aimed at eliminating the subtle and confusing distinctions that had previously differentiated the various types of theft. It was not, however, designed to, and did not, broaden the scope of the crime of larceny or designate as criminal that which was previously innocent. Consequently, upon the facts here presented, the trial court should have charged, as requested, that a conviction could not be based upon " intention " or upon " a state of facts not then in existence ", and that, to convict, the jury must find that " defendant falsely misrepresented an existing fact " — for, as instructed, the jury was free to return a verdict of guilt based upon evidence of conduct never regarded as criminal in this State.

There must, therefore, be a new trial, and, since that is so, we call attention to section 1290-a of the Penal Law which permits proof of false representation or pretense only if there is allegation thereof in the indictment.

The judgments should be reversed, and a new trial ordered.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgments reversed, etc.