State of Connecticut v. Margaret Robington

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued May 2—decided July 25, 1950

*Theodore E. Steiber,* with whom was *Richard I. Steiber,* for the appellant (defendant).

*Lorin W. Willis,* with whom, on the brief, was *Otto J. Saur,* for the appellee (state).

O'SULLIVAN, J.   The defendant has appealed from a judgment based upon a finding of guilt on the first and third counts of an information.   The former charged her with committing the crime of obtaining money under false pretenses in that "on or about the 23rd day of June, 1948, . . . the said Margaret Robington . . . did obtain from one I. Chauncey Lewis . . . the sum of $600.00 in cash and $3000.00 in property, by false and fraudulent representations and pretenses that she, the said Margaret Robington would use said money for the purchase of a Cadillac automobile for the said I. Chauncey Lewis, . . . contrary to the . . . statute."   The assignment of error addressed to this count attacks the finding and conclusion of the court, but the ultimate question is presented by her claim that she could not, upon all of the evidence, properly be found guilty beyond a reasonable doubt.   *State* v. *Zukauskas,* 132

Conn. 450, 453, 45 A. 2d 289; *State* v. *Cots*, 126 Conn. 48, 53, 9 A. 2d 138.

This assignment of error goes to the root of the criminal accusation. It raises the query whether any false pretenses were either charged or established. The state claimed a conviction under General Statutes, § 8696. This reads, in part: "Obtaining money under false pretenses. Any person who shall, by any false token, pretense or device, obtain from another any valuable thing" shall be punished. The information does not allege a crime under this statute.

The charge is that the defendant falsely represented that she "would use" Lewis' money to purchase a Cadillac automobile for him. The court could reasonably have found this to be so. The statutory crime which the count purported to allege, however, is committed only when the false pretenses by which money or property is obtained relate to a past or an existing fact. *People* v. *Karp*, 298 N. Y. 213, 216, 81 N. E. 2d 817; *Hameyer* v. *State*, 148 Neb. 798, 801, 29 N. W. 2d 458; *State* v. *Shevlin*, 81 N. H. 121, 123 A. 233; 2 Wharton, Criminal Law (12th Ed.) p. 1731. A false pretense is "a representation of some fact or circumstance calculated to mislead, which is not true." *State* v. *Penley*, 27 Conn. 587, 591. A mere promise to do an act, even though the promisor has, at the time, no intention of keeping it, is not such a pretense or device as to come within the Statute against False Pretenses. *Chaplin* v. *United States*, 157 F. 2d 697, 698; *Pierce* v. *State*, 226 Ind. 312, 317, 79 N. E. 2d 903; *Harris* v. *State*, 125 Ohio St. 257, 260, 181 N. E. 104; *Ballaine* v. *District Court*, 107 Utah 247, 252, 153 P. 2d 265; 22 Am. Jur. 452, § 14; note, 168 A. L. R. 833, 835.

The most that can be said of the evidence is that it established that Lewis parted with his property as the result of false promises made by the defendant as to

her future conduct. It follows that neither the evidence nor the information justifies a conclusion of guilt on the first count. In holding to the contrary the court erred.

The third count, upon which the defendant was also found guilty, charged that "on the 20th day of September, 1948 . . . the said Margaret Robington did commit larceny of a 1948 Chrysler Sedan, of the value of $3,000.00, the property of the Bonded Auto Sales Inc. and the Par Motor Sales Inc., Connecticut corporations."

The court could reasonably have found, as it did, that during August, 1948, the defendant approached Benjamin Banet, the president of the Bonded Auto Sales, Inc., a corporation dealing in new and used cars; that she told Banet she wanted a new black Chrysler sedan; that, not having one in stock, he took her to the Par Motor Sales, Inc., where an official of that company named Kramer showed her the model she had in mind; that Kramer turned the Chrysler over to her upon her assurance as well as upon Banet's oral guarantee that she would return the car on the following Monday morning or pay the sum of $3015; that she did neither but, on the contrary, used it for her own purposes for over two months and then removed it from Connecticut and concealed it in New Jersey; and that at no time did she intend to pay for the Chrysler. The court further found that when Par Motor Sales, Inc., delivered possession of the car it did not intend to transfer title. The last finding is vigorously challenged by the defendant.

The state was attempting to establish the crime of larceny by trick. This crime is committed when one obtains "the possession of personal property of another by deception, artifice, fraud or force, with the intent on the part of the person obtaining it to convert

it to his own use and permanently to deprive the owner of his property." *State* v. *Rapsey,* 115 Conn. 540, 542, 162 A. 262; *State* v. *Fenn,* 41 Conn. 590, 605. It should be added, however, that "if the owner intends to part with the title to the property as well as possession, whatever other crime may have been committed, it will not be theft." *State* v. *Rapsey,* supra; *State* v. *Kallaher,* 70 Conn. 398, 409, 39 A. 606. The importance of the finding that the owner did not part with title is obvious. If support for this was lacking, the defendant was improperly convicted of larceny even though the evidence established, as it did, the other essential elements of the crime.

Whether title passed to the defendant depended on the intention of Par Motor Sales, Inc., as disclosed by the statements and acts of its authorized agent. *McDermott* v. *McDermott,* 97 Conn. 31, 34, 115 A. 638; *Loomis* v. *People,* 67 N. Y. 322, 329. The court found with reason that the Chrysler was placed in the defendant's possession conditionally. She was to return it or pay for it on the following Monday. This condition, attached to the delivery, destroys the theory of a completed sale. *Gardner* v. *State,* 55 N. J. L. 17, 27, 26 A. 30; *State* v. *Watson,* 41 N. H. 533, 537; 2 Wharton, Criminal Law (12th Ed.) p. 1531. The transaction was not dissimilar to one where an automobile is entrusted to a would-be purchaser who is to try it out by driving it around the block but who then makes off with it. The allegation in the information of title in both Bonded Auto Sales, Inc., and Par Motor Sales, Inc., did not prejudice the defendant. Practice Book § 309(d). The court's conclusion of guilt was justified. *State* v. *Reynolds,* 95 Conn. 186, 193, 110 A. 844.

Error is assigned in the admission of an exemplified copy of a record showing the defendant's conviction of a felony in 1939. The objection was that the evidence

was too remote. The record was properly admitted to affect the credibility of the defendant. General Statutes § 7868; *State* v. *English,* 132 Conn. 573, 580, 46 A. 2d 121; *State* v. *Palko,* 121 Conn. 669, 678, 186 A. 657. The fact that it was the record of a conviction ten years before went to its weight, not to its admissibility.

There is no error in the judgment on the third count; there is error as to the first count; the case is remanded with direction to modify the judgment as to the first count to adjudge the defendant not guilty on that count.

In this opinion the other judges concurred.