THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALFRED RICHARD MANCUSO, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BENNY MORGANTI, Also Known as MORGAN, and as BEN HOGAN, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS E. TAYLOR, Appellant.

Fourth Department, October 27, 1966.

*James V. Philippone* for Alfred Richard Mancuso, appellant.

*Salvatore J. Panzarella* for Benny Morganti, appellant.

*Dorando J. Cerulli* for Thomas E. Taylor, appellant.

*John C. Little, Jr., District Attorney (Nicholas P. Varlan* of counsel), for respondent.

*Per Curiam.* The only two substantial issues raised by defendants on these appeals from convictions of conspiracy as a felony (Penal Law, § 580-a), attempted extortion (Penal Law, § 850) and attempted grand larceny, first degree (Penal Law, §§ 1290, 1290-a and 1294) are in respect of the insufficiency of pleading and proof as to the larceny count and the procedure as to challenges in selecting the jury. The activities of defendants in the policy or numbers racket formed the background for the indictments. The short-form indictment charging an attempt to commit the crime of grand larceny, first degree, was violative of section 1290-a of the Penal Law, in that the pleadings are without any allegations of false representation (*People* v. *Karp,* 298 N. Y. 213; *People* v. *Von Cseh,* 9 A· D 2d 660; *People* v. *Palen,* 7 A D 2d 791). The defendants objected to the use of any testimony relating to false pretenses and, accordingly, there was no waiver of section 1290-a (*People* v. *Ramistella,* 306 N. Y. 379). The bill of particulars, which is to be considered as part of the indictment (*People* v. *Bogdanoff,* 254 N. Y. 16), claimed use of a policy slip but the claim was unsubstantiated. Because of that lack of proof, the trial court submitted the case to the jury as one of attempted larceny by false pretense. However, the false pretense, i.e., the claim that one Hamza owed defendants thousands of dollars, was not one upon which Hamza could reasonably rely. The element of reliance necessary for proof of larceny by false pretense was lacking (*People* v. *Sattlekau,* 120 App. Div. 42). Thus, as to the attempted grand larceny count, both the deficiency of the indictments and the lack of proof require reversal and elimination of the suspended sentences on that count (*People* v. *Von Cseh, supra*).

Initially the trial court selected the jury by means of the full-box method and then ruled that all challenges to those jurors

already seated should be made and thereafter the remaining jurors would be sworn. Then there was a switch to the individual method of selection. On the following day, the court changed its mind by allowing peremptory challenges to any of those jurors already sworn, as well as those to be sworn. The jury was sworn prior to the exhaustion of the 20 peremptory challenges allowable to defendants. Not only orderly trial practice but also the best interest of all parties mandate that the confusion and potential prejudice accompanying changes from one method of jury selection to another be assiduously avoided. Prior to selection, it should be clearly established so as to preclude misunderstanding precisely which method is to prevail and persist. On the one hand, if the individual method is to be used, it should be so determined prior to the selection process, either by the court alone or in consultation with counsel for both parties. After each juror has been pronounced satisfactory by both sides and each side has been allowed a fair opportunity to interpose a peremptory challenge, further exercise of the right should be foreclosed by the administration of the oath (*People v. Carpenter,* 102 N. Y. 238). On the other hand, if the box method is to be followed, it should be made clear to both parties and neither party should be allowed, after the full jury has been declared satisfactory and opportunity given for peremptory challenges, first to the People and then to the defendant and the jurors sworn, to challenge peremptorily any juror against whom a peremptory challenge might earlier have been exercised. The less than precise manner of conducting the selection of the jury in this case and the naturally concomitant confusion are not overlooked and are considered unfortunate. However, deviation from the proper method is not in itself reversible error without a showing of prejudice (*People v. Williams,* 20 A D 2d 622, affd. without opinion 14 N Y 2d 948). If this were a case where, by the erroneous rulings of the trial court, defendants were forced to exhaust their peremptory challenges, prejudice might well have resulted (*People v. Casey,* 96 N. Y. 115; *People v. Di Palma,* 23 A D 2d 853). We are not unmindful of *People v. McQuade* (110 N. Y. 284) and *People v. Hamlin* (9 A D 2d 173) but these cases turned, in the first instance upon the fact that in spite of defense counsel's insistence that section 385 of the Code of Criminal Procedure be strictly followed, the court practically negated that section, and in the latter case, upon the fact that although the full jury had been declared satisfactory by both sides, thereafter the People were allowed to challenge peremptorily three jurors on one occasion and on the next trial day a fourth juror.

Judgments should be modified by reversing, on the law and the facts, the larceny conviction and, in the exercise of discretion, dismissing such count and eliminating the suspended sentences imposed thereon and, as so modified, the judgments of conviction should be affirmed.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Judgments unanimously modified, on the law and facts, and in the exercise of discretion, in accordance with the opinion and as modified, affirmed.