STATE OF CONNECTICUT *v.* ANONYMOUS (1975-4)*

APPELLATE SESSION OF THE SUPERIOR COURT

SPONZO, J.   The defendant was convicted of the crime of fraud in obtaining state aid in violation of § 17-83i (b) of the General Statutes.   There are two assignments of error.   Error is assigned in the court's conclusion that on all the evidence the

---

* Thus entitled, in view of General Statutes § 54-90.

defendant was guilty of the crime charged beyond a reasonable doubt. The other assignment of error that the court reached a certain conclusion when the facts do not support such a conclusion is incorporated in the first claim that the defendant could not be found guilty of the crime charged on all of the evidence.

The evidence reveals that the defendant, the father of thirteen children, was receiving $773 per month plus medical benefits under the aid for dependent children program from the state welfare department. In 1960, the defendant fell from a three-story building sustaining injuries to his leg, back, and neck. From 1960 to 1969, the defendant and his family had been receiving state aid on an intermittent basis. From 1969 to the date of trial, the defendant has not been employed and has been receiving state aid on a permanent basis.

During the course of the trial, the state offered into evidence medical reports, two of which were secured from the defendant's physician. In one report, dated May 24, 1971, that physician found that the defendant was suffering from progressive degenerative arthritis of the spine and found him to be permanently disabled. At that time the defendant's physician indicated that the defendant could do minor work requiring no muscle exertion but on no set schedule because of erratic occurrence of symptoms. In another report, dated August 2, 1972, the defendant's physician found that the defendant was suffering from severe arthritis of the entire spine with nerve compression, and he was of the opinion that the defendant was permanently disabled and unable to do any work. By letter dated September 18, 1972, the physician stated that it was his impression that the defendant was suffering from arthritis "which makes steady

employment difficult and precludes any strenuous physical exertion which may intensify symptomatic nerve compressions." In concluding that letter, the physician stated that "light work could be considered if the situation is such that when periods of inability to work occur due to flare-up symptoms, inability to work would be permissible and recurrent absenteeism tolerated."

In addition, the state introduced a record of action by a medical review team of the state welfare department wherein a determination was made in June, 1972, to give aid to dependent children status to the defendant because he was incapacitated. Evidence was presented that, in 1970, light work was offered to the defendant by the superintendent of a school department and that offer was declined by the defendant. The work would have been custodial in nature and would have required rearranging of furniture, sweeping of floors, and cleaning of desks. Testimony was also offered to the effect that in May, 1972, and subsequent thereto, the defendant built a stone wall with stones weighing fifty pounds on his property, lifted gas cylinders, climbed a ladder, dug in his yard, carried rubbish barrels, placed a wooden boat on a vehicle, and helped to lift a television set into a car.

Section 17-83i (b) of the General Statutes,[1] under which the defendant was charged, provides that "[a]ny person who, by means of an intentionally false statement or misrepresentation . . . obtains, or attempts to obtain, or aids or abets any person to obtain, any monetary award under this chapter to which he is not entitled . . . shall be fined not more than two hundred dollars or imprisoned not more than six months or both." "To support a conviction under the statute the evidence must be suf-

---

[1] Amended, inter alia, by Public Acts 1973, No. 73-389.

ficient to establish the essential ingredients of the crime charged. In this case this would include the presence of the necessary elements: (1) That a false representation or statement of a past or existing fact was made by the accused; (2) that in making the representation he knew of its falsity; (3) that the accused intended to defraud or deceive; (4) that the party to whom the representation was made was in fact induced thereby to act to her injury; and (5) that the false representation or statement was the effective cause of the accused receiving something of value without compensation." *State* v. *Farrah,* 161 Conn. 43, 47; *State* v. *Robington,* 137 Conn. 140, 142.

A consideration of the first element is dispositive of this appeal. The record is completely devoid of any false statement or representation made by the defendant. An examination of the evidence reveals that the state introduced expert testimony in the form of medical reports to the effect that the defendant was permanently disabled as of May, 1971, and again as of August, 1972. A medical review team of the state welfare department in June, 1972, determined that the defendant and his family were entitled to state aid on the ground that the defendant was incapacitated. The testimony of neighbors that, in 1972, the defendant on intermittent occasions built a stone wall, lifted stones weighing approximately fifty pounds, climbed ladders, carried gas cylinders, and helped to carry a television set cannot negate the opinion of expert witnesses that the defendant was physically incapacitated.

The state has failed to sustain its burden of proving that the defendant was guilty beyond a reasonable doubt of the crime or offense charged. "It is fundamental to our jurisprudence that one

accused of crime enjoys a presumption of innocence until the state has proven his guilt beyond a reasonable doubt. *State* v. *Hernandez,* 154 Conn. 698 . . . . This means proof which 'precludes every reasonable hypothesis except that which it tends to support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion.' *State* v. *Smith,* 138 Conn. 196, 200 . . . . As a part of its duty to prove guilt beyond a reasonable doubt, the state must establish each essential element of the crime charged. *State* v. *Benson,* 153 Conn. 209, 215 . . . ." *State* v. *Brown,* 163 Conn. 52, 64.

In this case, the conclusion of the court that the defendant was guilty beyond a reasonable doubt is not supported by the evidence. The state failed to prove that the accused made a false statement or representation and instead introduced medical evidence that the defendant was permanently and physically incapacitated.

There is error, the judgment is set aside, and the case is remanded to the Court of Common Pleas with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion SPEZIALE and A. ARMENTANO, Js., concurred.